**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **SYNGENTA CROP PROTECTION AG**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UPL Ltd.**<br>**UPL Corporation Ltd.**<br>**UPL NA Inc.**<br><br>**Defendants.** | **Case No. 3:25-cv-00735** |

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)

**TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ..... 2

ARGUMENT ..... 3

I. DEFENDANTS FAILED TO ESTABLISH ELIGIBLITY TO SEEK TRANSFER PURSUANT TO § 1404(a) ..... 3

A. Defendants Failed to Establish Personal Jurisdiction in the EDNC Over All Defendants at the Time of Original Filing ..... 4

1. Defendants rely on impermissible conjecture about UPL Ltd. ..... 6

2. Assertions about purported ties to the other UPL Defendants also fail to establish the EDNC's personal jurisdiction over UPL Ltd. ..... 7

II. IF THIS COURT REACHES THE MERITS, TRANSFER SHOULD BE DENIED BECAUSE THE EDVA IS CONNECTED TO THE INEQUITABLE CONDUCT AND ANTITRUST CLAIMS, AND UPL CANNOT ESTABLISH THAT TRANSFERRING TO THE EDNC IS "STRONGLY FAVORED" ..... 9

A. Syngenta's Choice of Forum is Entitled to Substantial Weight ..... 10

B. The Witness and Party Convenience Factor Favors Denial of Transfer ..... 12

C. The Interest of Justice Does Not Favor Transfer ..... 15

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asia Vital Components Co. v. Asetek Danmark A/S*, No. 1:14-CV-1293, 2016 WL 9175601 (E.D. Va. Dec. 13, 2016) .......... 5, 7

*comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677 (E.D. Va. 2013) .......... 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .......... 7

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223 (10th Cir. 2020) .......... 6

*Dolan v. Ford Motor Co.,* No. 3:23-CV-512, 2023 WL 8627521 (E.D. Va. Dec. 13, 2023) .......... 4

*Fidrych v. Marriott Int'l, Inc.,* 952 F.3d 124 (4th Cir. 2020) .......... 6

*Finmeccanica S.p.A. v. Gen. Motors Corp.*, No. 1:07-CV-794-JCC, 2007 WL 4143074 (E.D. Va. Nov. 19, 2007) .......... 11

*Gatekeeper Inc. v. Stratech Sys., Ltd.*, 718 F. Supp. 2d 664 (E.D. Va. 2010) .......... 6, 7

*Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915 (2011) .......... 7

*Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F.Supp.2d 660 (E.D.Va. 2010) .......... 3

*Hoffman v. Blaski*, 63 U.S. 335 (1960) .......... 1, 4

*Holland Am. Line v. Wartsila N. Am.*, 485, F.3d 450 (9th Cir. 2007) .......... 6

*JTH Tax, Inc. v. Lee,* 482 F. Supp. 2d 731 (E.D. Va. 2007) .......... 9

*Koh v. Microteck Int'l Inc.,* 250 F. Supp. 2d 627 (E.D. Va. 2003) .......... 9

*Lamont v. Haig*, 590 F.2d 1124 (D.C. Cir. 1978) .......... 8

*Long v. Koninklijke Luchtvaart Maartschappij N.V.*, 2024 WL 23149 (E.D. Va. Jan. 2, 2024) .......... 10

*OrbusNeich Med. Co. Ltd., BVI v. Boston Sci. Corp.*, No. 2:09-CV-115, 2009 WL 10689459 (E.D. Va. June 5, 2009) .......... 12

*Pennoyer v. Neff*, 95 U.S. 714 (1878) ........ 5

*Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185 (4th Cir. 2016) ........ 6

*Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708 (E.D. Va. 2005) ........ 9, 11, 12

*United States v. Google LLC*, 661 F. Supp. 3d 480 (E.D. Va. 2023) ........ 10

*United States v. Scophony Corp. of Am.*, 333 U.S. 795 (1948) ........ 8

*Van Dusen v. Barrack,* 376 U.S. 612 (1964) ........ 3

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........ 5

**Statutes**

28 U.S.C. § 1404(a) ........ 3

35 U.S.C. § 293 ........ 10

**Other Authorities**

U.S. DEP'T OF JUST., CIVIL RESOURCE MANUAL § 42 (2023) ........ 4

Plaintiff Syngenta Crop Protection AG ("Syngenta" or "Plaintiff") respectfully submits this Memorandum of Law in opposition to the Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) by UPL Ltd., ULP Corp., and UPL NA, Inc. (collectively "Defendants" or "UPL").

Defendants seek to transfer this entire case under 28 U.S.C. § 1404(a) to the Eastern District of North Carolina ("EDNC"), a district where both venue and personal jurisdiction would not have been proper at the time of filing the complaint in September 2025—the basic predicate for seeking any § 1404(a) transfer to that venue now. In devising their argument, Defendants carefully avoid mentioning, let alone establishing, venue and personal jurisdiction in the EDNC for UPL Ltd., a non-resident foreign co-Defendant.

Instead, Defendants premise their transfer argument entirely on hypothetical assertions such as speculation that UPL Ltd. may in the future utilize UPL NA's North Carolina office space if some unidentified UPL Ltd. person were to visit the transferee forum. Such speculation is precisely what the Supreme Court forbade in *Hoffman v. Blaski*, holding that a § 1404(a) transfer is permissible only to a district where the case could have been brought originally. *Hoffman v. Blaski*, 63 U.S. 335, 343 (1960). Defendants' failure to establish that the proposed transferee district (EDNC) actually had personal jurisdiction and venue over UPL Ltd. at the onset of this action, relying instead on speculative future acts, requires denial of the motion for failure to meet § 1404(a)'s predicate for transfer.

Even if the Court were to further consider Defendants' defective motion, it should be denied because the *forum non conveniens* analysis squarely favors maintaining the action here, in Syngenta's chosen forum. UPL fails to point to any significant interest, such as third-party convenience, that disturbs this. Rather, it is just as convenient (if not more) for the parties and witnesses to litigate in the EDVA versus the EDNC. Three of the four parties in this case are

foreign parties with no headquarters in the United States, and UPL has identified nothing with respect to any of its foreign parties that shows any substantial connection to its desired forum of EDNC. As UPL has not met its heavy burden of providing that the circumstances in this case "strongly favor" transfer, the Court should deny UPL's motion.

**STATEMENT OF FACTS**

Plaintiff Syngenta Crop Protection AG is a Swiss corporation with a principal place of business in Basel, Switzerland.

Defendant UPL Ltd. is the sole owner of the two patents at issue here: U.S. Patent No. 11,445,727 (the '727 Patent) and a continuation patent, U.S. Patent No. 12,402,625 (the '625 Patent"). UPL Ltd. is an Indian company, organized under the laws of India, with a principal place of business in India. UPL Ltd. has no U.S. registered agent or office.

Defendant UPL Corp. is a corporation organized under the laws of Mauritius, having a principal place of business in the UK. UPL Corp. has no U.S. registered agent or office.

Defendant UPL NA is a Delaware corporation with a principal place of business in King of Prussia, Pennsylvania. Ex. 1 (UPL NA Inc. 2025 Corporate Filing).[1] UPL NA employs two sales representatives who sell UPL products into Virginia. Ex. 2, *Rep Locator*, UPL, https://www.uplcorp.com/us/rep-locator (identifying two territory sales managers for the state of Virginia) (last accessed on December 29, 2025).

The parties have a lengthy history and initially engaged in a commercial supply relationship. Issues arose with that agreement, and UPL Ltd. then asserted its '727 patent against Syngenta. Syngenta seeks a declaratory judgment that the asserted patents are unenforceable due

[1] UPL's declarant disputes this, asserting that UPL NA has its principal place of business in Cary, North Carolina.

to inequitable conduct, and that the ’625 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Syngenta seeks to enjoin and obtain damages with respect to UPL’s anticompetitive conduct in the marketplace.

## ARGUMENT

Section 1404(a) authorizes the transfer of a civil action properly-venued from one district to another “for the convenience of parties and witnesses, in the interest of justice,” as long as the transfer is to a district where the case “might have been brought.” 28 U.S.C. § 1404(a). Defendants bear the burden of establishing that transfer is proper. While “[t]he decision whether to transfer an action under the statute is committed to the sound discretion of the district court ... [t]he party seeking transfer bears the burden of proving that the circumstances of the case are *strongly* in favor of transfer.” *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F.Supp.2d 660, 667 (E.D. Va. 2010) (emphasis original); *see also Van Dusen v. Barrack,* 376 U.S. 612, 645-46 (1964) (“Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.”). Transfer must be denied where Defendants have not established either the availability of § 1404(a) or the promotion of justice by a transfer, as explained below.

### I. DEFENDANTS FAILED TO ESTABLISH ELIGIBLITY TO SEEK TRANSFER PURSUANT TO § 1404(a)

To show that the transferee court (EDNC) is one in which this case “might have been brought,” Defendants were required to show that personal jurisdiction, subject matter jurisdiction, and venue would have been proper in the EDNC at the time of the complaint filing. *Dolan v. Ford Motor Co.,* No. 3:23-CV-512, 2023 WL 8627521, at *4 (E.D. Va. Dec. 13, 2023). Defendants never make this showing, which is fatal to their motion.

### A. Defendants Failed to Establish Personal Jurisdiction in the EDNC Over All Defendants at the Time of Original Filing

For the District Court to have the authority to transfer under § 1404(a), all defendants are required to have been subject to personal jurisdiction in the transferee district. In *Hoffman*, the Supreme Court confirmed that transfer authority depends on whether the transferee district is one in which a plaintiff had the right to bring the action originally, not where defendants now consent or speculate about future business activities or endeavors. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The Department of Justice accordingly notes that § 1404(a) transfers are barred to districts where any defendant would not be subject to jurisdiction or where venue would be improper in the transferee forum. U.S. DEP'T OF JUST., CIVIL RESOURCE MANUAL § 42 (2023).

Defendants have not met their burden of proving that the transferee district, the EDNC, actually would have had personal jurisdiction over UPL Ltd., the sole owner of the patents at issue, when the complaint was filed. Defendants submitted a declaration by a lawyer for UPL NA, David Amos, (ECF No. 42-4, hereinafter "Amos Declaration"), but it provides this Court no evidence that establishes personal jurisdiction in the EDNC over UPL Ltd. at the time of complaint filing.

Failing to meet § 1404(a)'s clear requirements, Defendants resort to conjuring the appearance of personal jurisdiction by conflating it with subject matter jurisdiction. Mem. in Supp. of UPL's Mot. to Transfer Pursuant to 28 U.S.C. § 1404(a) 3, ECF No. 42 (hereinafter "OB" or "Opening Brief"). Defendants further rely on the Declaratory Judgment Act (OB at 4), but whether a given court has the authority to hear a particular case is different and distinct from whether it raises a federal question (subject matter jurisdiction) and whether the court can compel a defendant to appear (personal jurisdiction), and the Declaratory Judgment Act grants neither. *See Pennoyer v. Neff*, 95 U.S. 714, 728 (1878).

While Defendants do not dispute Syngenta's reliance on 35 U.S.C. § 293 to establish proper venue in the EDVA, they contend that the statute does not mandate such venue. This ignores that the purpose of this statute is to provide personal jurisdiction over a foreign patent owner with no registered agent and no established place of business in the United States, as is the case here. Defendants' reliance on *Asia Vital Components v. Asetek Danmark* fails because there, the foreign patent owner had brought infringement suit three times in the transferee forum over the prior four years, was wholly owned by a party located in the transferee court, and had licensed its patents to entities for commercial use within that state. *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 1:14-CV-1293, 2016 WL 9175601, at *3 (E.D. Va. Dec. 13, 2016) (finding the plaintiff to have availed itself of jurisdiction in the transferee forum).

No similar facts exist here. UPL Ltd. has brought no lawsuits in the transferee forum, has no offices there, has no parent located within the transferee jurisdiction, and there is no evidence that UPL Ltd. has licensed its patents to parties in the state. Thus, personal jurisdiction over UPL Ltd. is found only in the EDVA pursuant to 35 U.S.C. § 293.

The personal jurisdiction necessary for Defendants to invoke § 1404(a) requires actual, purposeful contacts, not conjecture. For instance, the Supreme Court explained in *World-Wide Volkswagen Corp. v. Woodson*, that even "foreseeable" actions are insufficient to establish personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295-97 (1980) (explaining that jurisdiction must be based on "a degree of predictability" that provides some assurance where parties will be brought into court). Fourth Circuit courts have repeatedly rejected jurisdiction based on hypothetical or attenuated ties. *See, e.g., Gatekeeper Inc. v. Stratech Sys., Ltd.*, 718 F. Supp. 2d 664, 667 (E.D. Va. 2010) (speculative contacts rejected); *Fidrych v. Marriott Int'l, Inc.,* 952 F.3d 124, 133-34, 141-42 (4th Cir. 2020) (no jurisdiction

based on global website); *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189-90 (4th Cir. 2016) (choice-of-law clause alone insufficient).

**1. Defendants rely on impermissible conjecture about UPL Ltd.**

Defendants' "evidence" of EDNC's personal jurisdiction over UPL Ltd. is all conjecture. They assert that "UPL NA … [is] where employees from UPL Ltd., including inventors of the asserted patents, regularly meet when working in the U.S. …" OB at 5 (citing Amos Declaration at ¶¶ 7, 10-11, 14). But Mr. Amos is actually quite circumscribed and merely provides hypothetical assertions about UPL Ltd. In particular, he states "to the extent UPL Corp. or UPL Ltd. would conduct business in the United States related to the alleged antitrust matters, they would do so from the UPL NA corporate headquarters in Cary, North Carolina." Amos Declaration at ¶ 9 (emphasis added). In ¶ 10, he refers to generic "UPL personnel" and is not explicit as to any personnel of UPL Ltd. As for the purported inventors, again, he comments in the hypothetical, stating that "each of the named inventors … reside abroad. If working or meeting in person at a UPL facility in the United States …they regularly do so at the Cary, North Carolina location." *Id.* ¶ 11 (emphasis added). These statements and allegations are the type of hypothetical and speculative acts that are insufficient. *See, e.g., Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1230-31 (10th Cir. 2020) (ruling "contemplated" business transactions are too attenuated to establish minimum contacts); *Holland Am. Line v. Wartsila N. Am.*, 485, F.3d 450, 462 (9th Cir. 2007) (explaining "occasional visits" by a business are the sort of "random, fortuitous, or attenuated" contacts that are insufficient) (internal quotation and citations omitted); *Gatekeeper*, 718 F. Supp. 2d at 667-68 (ruling foreign conduct that might not affect EDVA in future insufficient). Such conjecture fails to demonstrate continuous and systematic contacts establishing UPL Ltd.'s intent to avail itself of the EDNC courts.

**2. Assertions about purported ties to the other UPL Defendants also fail to establish the EDNC's personal jurisdiction over UPL Ltd.**

Absent the necessary evidence of UPL Ltd.'s actual contact with the EDNC when the complaint was filed, Defendants turn to relying on connections with other Defendants. Defendants assert minimum contacts are met for UPL Ltd. merely because it is the parent company of UPL NA. OB at 5. Yet, mere ownership of a U.S. subsidiary is insufficient to establish venue or personal jurisdiction over a non-resident foreign parent. *See Daimler AG v. Bauman*, 571 U.S. 117, 136-39 (2014) (rejecting imputation of personal jurisdiction among related businesses, like proposed by UPL, as an improper expansion of jurisdiction). In particular, the Supreme Court has rejected UPL's argument that a foreign parent is "at home" in North Carolina merely because its subsidiary operates there. *See Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 929 (2011) (explaining that Goodyear's foreign subsidiaries were "in no sense at home in North Carolina," and ruling that North Carolina lacked jurisdiction over those subsidiaries lacking their own contacts with the state).[2]

Defendants also place great emphasis on "Kim Watson's corporate office [being] located at UPL NA's … location and when working in person at a UPL facility." Amos Declaration, at ¶ 12. While it may be routine for individuals working for or with transnational or multinational corporations to be afforded the courtesy of an office at an affiliate when they travel, Defendants

[2] Defendants misleadingly cite *Asia Vital Components* as supporting the imputation of UPL NA's EDNC contacts to UPL Ltd. Defendants do not inform the Court of the very different material facts in that case—including the foreign entity (i) was licensing patents for use within the transferee venue and (ii) was pursuing multiple related patent litigations in the transferee venue. *Asia Vital Components Co.,* 2016 WL 9157601, at *3. Defendants showed no similar facts about UPL Ltd. and the EDNC.

cite no authority for the dubious proposition that the travel-office location for a single employee of UPL NA provides the contacts sufficient to confer personal jurisdiction over UPL Ltd.

Moreover, despite Defendants proffering the Amos Declaration to create personal jurisdiction over UPL Ltd., Mr. Amos is employed by UPL NA. Defendants notably submitted no evidence from UPL Ltd. itself admitting to EDNC's personal jurisdiction at the time of filing the complaint.

Next Defendants vaguely assert that EDNC would be an appropriate forum for antitrust claims pursuant to the Clayton Act's provision of venue in districts where defendants transact business. *See* 15 U.S.C. § 22. But Defendants fail to explain how that provision could have laid venue for patent claims against Defendants. *See, e.g., Lamont v. Haig*, 590 F.2d 1124, 1131, n.45 (D.C. Cir. 1978) ("As a prerequisite to transfer under § 1404(a) venue must be proper in the transferee district with respect to every defendant and each claim for relief."). More problematic, Defendants fail to establish that UPL Ltd. transacts business in EDNC or elsewhere in the country. Tellingly, Mr. Amos does not state that UPL Ltd. itself actually transacts any business in EDNC. Instead, he speculates that "to the extent" UPL Ltd. "would conduct business in the United States," it "would do so from" Cary, North Carolina. Amos Declaration at ¶9. Such hypothetical and speculative assertions by the moving party (or its possibly unauthorized spokesperson) are insufficient for the reasons explained above, and represent the sort of linguistic gymnastics incompatible with the meaning of § 22. *See United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807-08 (1948) (explaining § 22 applies "practical, business conceptions" instead of "hair-splitting"). At bottom, relying on Defendants' speculative assertions would empower them to game judicial jurisdiction, by simply asserting potential future plans for business in any venue they strategically prefer. This is the same outcome the

Supreme Court sought to prevent by interpreting § 1404(a) to limit transfers to districts where the lawsuit could have been brought. *Hoffman*, 363 U.S. at 343-44.

This Circuit's precedent, accordingly, unambiguously instructs that the threshold step in any § 1404(a) motion is confirming whether the movant has established that the case could have been brought in the transferee forum. *See, e.g., JTH Tax, Inc. v. Lee,* 482 F. Supp. 2d 731, 735 (E.D. Va. 2007); *Koh v. Microteck Int'l Inc.,* 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). When that predicate is not established, the motion must be denied without reaching the convenience factors. Defendants have not established that the transferee district, the EDNC, actually would have had personal jurisdiction over UPL Ltd. The motion should therefore be denied.

## II. IF THIS COURT REACHES THE MERITS, TRANSFER SHOULD BE DENIED BECAUSE THE EDVA IS CONNECTED TO THE INEQUITABLE CONDUCT AND ANTITRUST CLAIMS, AND UPL CANNOT ESTABLISH THAT TRANSFERRING TO THE EDNC IS "STRONGLY FAVORED"

Although the motion to transfer should be denied because the EDNC is not a venue where Syngenta could have filed the case, to the extent that the Court looks beyond that decisive issue, UPL's motion should also be denied on the merits.

UPL does not dispute that venue is proper here in the EDVA, and rather argues that plaintiff's chosen venue should be disregarded. But UPL cannot meet its heavy burden to show that the case should be transferred.

This court assesses a number of factors in deciding a motion to transfer, including:

> (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice.

*Samsung Elecs. Co. v. Rambus, Inc*., 386 F. Supp. 2d 708, 715 (E.D. Va. 2005).

"The principal factors to consider, however, are plaintiff's choice of forum, witness convenience, access to sources of proof, party convenience, and the interest of justice." *Id.* at

715–16. On balance, these factors strongly support that the case remain in this jurisdiction because Syngenta's chosen forum carries significant weight, and the inequitable conduct that cuts across the majority of the claims occurred before the United States Patent and Trademark Office in the present venue. The purported convenience of the EDNC is immaterial with respect to the out-of-state and foreign corporate witnesses.

### A. Syngenta's Choice of Forum is Entitled to Substantial Weight

A plaintiff's choice of forum is given great weight and should rarely be disturbed. *United States v. Google LLC*, 661 F. Supp. 3d 480, 490-491 (E.D. Va. 2023); *Long v. Koninklijke Luchtvaart Maartschappij N.V.*, 2024 WL 23149, at *1, 4 (E.D. Va. Jan. 2, 2024). As such, a party seeking transfer bears a heavy burden of showing that the district to which it seeks transfer is a superior venue to the choice of the plaintiff. *Google*, 661 F. Supp. 3d at 487. UPL claims that Syngenta's choice of forum may be disregarded here because Syngenta does not reside in the EDVA. This is wrong—Syngenta's choice of forum is still entitled to substantial deference because this action bears a substantial relationship to the EDVA. Specifically, Syngenta's complaint asserts personal jurisdiction over patent-owner and foreign corporation UPL Ltd. pursuant to 35 U.S.C. § 293. This statute provides that a foreign owner of a United States patent is subject to jurisdiction of "the United States District Court for the Eastern District of Virginia" when that owner has failed to designate a person residing within the United States for service of process or notice of proceedings. 35 U.S.C. § 293. Congress has already deemed UPL Ltd.'s connection to the EDVA as significant enough to warrant the assertion of personal jurisdiction, and Defendants cite nothing that would override that presumption.

The EDVA also has a significant connection to this forum as the site of UPL Ltd.'s inequitable conduct in obtaining the patents at issue. Syngenta has alleged inequitable conduct at

the USPTO in the EDVA during initial prosecution of the applications that led to the ’727 and ’625 patents, and again during the Post-Grant Review (“PGR”) of the ’727 Patent before the Patent Trial and Appeal Board of the USPTO. Amended Compl. ¶¶ 52-82, ECF No. 37. UPL Ltd.’s inequitable conduct is at the heart of both the asserted patent and antitrust claims in the complaint (Count I—Unenforceability of the ’727 Patent; Count II—Unenforceability of the ’625 Patent; and Count IV—*Walker Process* due to obtaining a monopoly due to fraudulent omissions and misrepresentations in the prosecution of the ’727 and ’625 patents, and during the PGR proceeding for the ’727 patent). Thus, despite Syngenta’s principal place of business not being located here, given that “some of the factual nexus for the claims asserted in the FAC occurred in this district…[plaintiff’s] choice of forum [should] be respected as legitimate and will be considered in striking the balance respecting transfer.” *Samsung Elecs*., 386 F. Supp. 2d at 716-17.

UPL’s authorities are all distinguishable. For example, *Finmeccanica v. General Motors*, was a diversity action that involved claims relating to, among other things, misappropriation of trade secrets and unfair competition under the transferee’s law (California), along with other state-law claims. *Finmeccanica S.p.A. v. Gen. Motors Corp.*, No. 1:07-CV-794-JCC, 2007 WL 4143074, at *2-3 (E.D. Va. Nov. 19, 2007). The court found that “because the events giving rise to these claims largely occurred in California, it is most likely that California substantive law will apply.” *Id.* at *8. Similarly, *OrbusNeich Medical v. Boston Scientific* included a breach of contract claim, where the agreement expressly provided that it was to be governed under the transferee’s law (Massachusetts). *OrbusNeich Med. Co. Ltd., BVI v. Boston Sci. Corp.*, No. 2:09-CV-115, 2009 WL 10689459, at *1 (E.D. Va. June 5, 2009). This case has neither of these fact patterns as it invokes federal law only, including claims founded on inequitable conduct before

the USPTO and PTAB.

**B. The Witness and Party Convenience Factor Favors Denial of Transfer**

UPL's argument on witness and party convenience fails on all fronts because UPL ignores the difference between party and non-party witnesses, and overstates convenience to the parties themselves. Given that party witnesses are closely aligned with a party, they are "presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses….[Thus], [t]he convenience of non-party witnesses should be afforded greater weight in deciding a motion to transfer venue." *comScore, Inc. v. Integral Ad Sci., Inc*., 924 F. Supp. 2d 677, 688 (E.D. Va. 2013) (quoting *Samsung Elecs.*, 386 F. Supp. 2d at 718).

Although UPL purports to advance details regarding witness and party convenience, it fails to do so with respect to any non-party witnesses, and for party witnesses, fails to provide "sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and degree of inconvenience." *Samsung Elecs*., 386 F. Supp. 2d at 718. Indeed, the only witnesses it identifies by name, Kim Watson and the inventors, are employed by UPL,[3] and UPL does not suggest that the witnesses would be unavailable to testify in the EDVA.

UPL's statements about its possible employee witnesses fail as incomplete, misleading, and/or speculative. *comScore, Inc.*, 924 F. Supp. 2d at 688-689 (rejecting argument about inconvenience to witnesses where no party had shown that a given witness "would not travel to this District, if the parties requested them to do so and paid their expenses."). For instance, with respect to alleged key witness Mr. Watson, UPL states only that "*[w]hen working in-person at a*

---

[3] It appears all of the inventors are employed by the foreign UPL entity, UPL Ltd.

*UPL facility,* Mr. Watson works from the Cary location.*"* Amos Declaration, ¶ 11 (emphasis added). The declaration doesn't say how often Mr. Watson works in-person, let alone how often he works at the Cary location, if at all. In fact, Kim Watson's Linked-In page indicates that he does not reside anywhere near North Carolina, but rather, in his role as the "Head of Strategic Alliances at UPL," resides in Indian Harbor Beach, Florida. Ex. 3, Kim Watson, LINKEDIN, https://www.linkedin.com/in/kim-watson-2499212a3 (last accessed December 29, 2025). The difference in travel from Florida to EDVA versus the EDNC is immaterial to any weighing of witness convenience.

Similarly, UPL's assertions about its employee inventors, all of whom reside outside the United States, include so many qualifications about when they are in the EDNC as to make these assertions meaningless. Amos Declaration, ¶ 11 (detailing that for each of the inventors, who reside abroad, "[1] [i]f working or meeting [2] in-person [3] at a UPL facility [4] in the United States [5] in relation to the subject matter of these patents, they regularly do so at the Cary, North Carolina location."); *see also id.* at ¶ 14. Once again, UPL makes no reference to how often, if at all, these inventors are physically present in the EDNC location, and also make no assertion as to why travel from India to the EDNC is any more convenient than to the EDVA.

UPL's statements about each corporate party fares no better. UPL's declarant speculates that "*to the extent UPL Corp. or UPL Ltd. would conduct business in the United States* related to the alleged antitrust markets, they would do so from the UPL NA corporate headquarters in Cary, North Carolina." Amos Declaration, ¶ 9 (emphasis added). Of course, this conjecture fails to admit that either entity actually conducts business in the United States and thus cannot be relied on offensively to transfer the case. Further, the fact that UPL NA employs one full-time sales representative in the EDNC is of no import. Indeed, as cited above, UPL NA employs two sales

representatives who sell UPL products into Virginia.

UPL's argument that the EDNC is more convenient to Syngenta also fails. First, there are at least some likely witnesses in this case who reside in this jurisdiction. Syngenta has retained a patent-law expert to assist with issues involving inequitable conduct who resides in the EDVA. And certain fact witnesses, such as UPL's counsel who represented UPL during the PGR and who have offices in Washington D.C., also reside in or within the EDVA's subpoena power.

Second, UPL's reliance on a Syngenta motion and declaration that argued in favor of transfer to a different venue (MDNC) in an unrelated case is irrelevant. *See* Defs.' Joint Mot. to Transfer to Middle District of North Carolina Pursuant to 28 U.S.C. § 1404(a), *Jenkins v. Syngenta Crop Protection AG et al,* 1:22-CV-1976 (S.D. Ind. Nov. 22, 2022), ECF No. 27 (filed here by UPL as ECF No. 42-3). That case is obviously distinguishable because transfer was sought to join a latter-filed case (*Jenkins*) with numerous earlier-filed related actions that became an MDL in the MDNC. Those earlier-filed cases in MDNC and the *Jenkins* case also were brought against the very same defendants, with entirely overlapping "defense witnesses, documents, and experts". Ex. 1, at 1. Notably, Syngenta and its co-defendants in *Jenkins* acknowledged that the original filed jurisdiction "had no more connection to this lawsuit than the Middle District of North Carolina." *Id.* In any event, *Jenkins* does not support UPL because the Court in that case found the contacts to the MDNC insufficient to warrant transfer. *See* Order, *Jenkins v. Syngenta Crop Protection AG et al,* 1:22-CV-1976 (S.D. Ind. Jan. 13, 2023), ECF No. 94.

Finally, UPL's argument that Virginia is inconvenient for all of the parties and witnesses fails. Both UPL and Syngenta are represented by Washington D.C. based law firms that are closer to the EDVA than the EDNC. Further, in the era of online data access of electronic

documents, it is just as easy for the parties to litigate and access information within the EDVA as it would be the EDNC.

### C. The Interest of Justice Does Not Favor Transfer

Finally, the interest of justice factor does not favor UPL's transfer motion. As an initial matter, UPL does not (and cannot) advance an argument on docket congestion given that this Court's time to trial for a patent case is much quicker than the EDNC. *See* Ex. 4, *Court Comparison Report*, DOCKET NAVIGATOR, https://search.docketnavigator.com/patent/court_comparison (last accessed on December 30, 2025).

Moreover, as detailed above, the inequitable conduct that underlies both the patent and antitrust claims in this case stems from actions taken by UPL in the EDVA. Similarly, Defendants' anticompetitive conduct occurred as much in foreign countries as in North Carolina, and the anticompetitive effects are at least as broad as the United States as a whole. UPL advances no evidence that the present controversy could be one deemed "local" to the EDNC where the inequitable conduct before the USPTO and PTAB occurred in the EDVA and were the responsibility of a foreign entity. The remaining claims in the case involve antitrust claims of national and international impact and, as such, do not cut in favor of any jurisdiction. Thus, the interest of justice weighs in favor of maintaining the suit in the EDVA.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer this case to the Eastern District of North Carolina should be denied.

Dated:

*/s/ Charles C. Carson*
Toni-Junell Herbert, Esq.*
Charles C. Carson, Esq. (VA Bar 48164)
Danyll W. Foix, Esq.*

David M. Klecyngier, Esq.*
Daniel P. Wicklund, Esq.*
BAKER & HOSTETLER LLP

1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036
Tel: 202.861.1500
Fax: 202.861.1783
Email: THerbert@bakerlaw.com
CCarson@bakerlaw.com
DFoix@bakerlaw.com
DKlecyngier@bakerlaw.com
DWicklund@bakerlaw.com

Leif R. Sigmond, Jr., Esq.*
Jennifer M. Kurcz, Esq.*
BAKER & HOSTETLER LLP
1 Wacker Drive, Suite 3700
Chicago, IL 60606
Tel: 312.416.6200
Email: LSigmond@bakerlaw.com
JKurcz@bakerlaw.com

* *admitted pro hac vice*

*Counsel for Plaintiff Syngenta Crop Protection AG*